No. 36,006

In re Estate of Sarah J. Charles, Deceased (PEARL TREBILCOCK, as Executor, etc., *Appellee*, v. BELL ENSIGN, Revived in the name of JAMES ENSIGN, as Administrator, etc., et al., *Appellants*).

(154 P. 2d 117)

Opinion filed December 9, 1944.

*John A. Etling,* of Kinsley, argued the cause, and *W. N. Beezley,* of Kinsley, and *W. L. Bullock,* of Dodge City, were on the briefs for the appellants.

*E. C. Minner* and *Russell L. Hazzard,* both of Dodge City, were on the briefs for the appellee.

OPINION ON REHEARING

The opinion of the court was delivered by

PARKER, J.: This is a rehearing. The original opinion was filed on May 6, 1944. (158 Kan. 460, 148 P. 2d 765.)

The rehearing as granted was limited to the sole question of whether the claim of the executor for $1,300 was barred by the non-claim statute or the statute of limitations.

Our examination of the record discloses the facts upon which the executor bases his right to have his claim allowed are set forth at length in the petition for final settlement which he filed with the probate court. They can best be stated by quoting verbatim from that instrument, which, so far as it pertains to the claim in question reads:

"Your petitioner further represents and shows to the Court that acting in good faith and for the purpose of protecting and preserving the assets of said estate, he advanced certain funds belonging to himself, in the year 1929, for the purpose of paying and satisfying a certain real estate mortgage lien existing upon Lots 11 and 12 in Block 14 in the City of Dodge City, Kansas, at the time of decedent's death, and that $1,300 of such amount so advanced by him has never been repaid to him; and that he is entitled to be reimbursed

out of the assets of said estate in the sum of $1,300, with interest thereon at the rate of six percent per annum from August 8, 1930."

Further reference to the record reveals the executor's testimony with respect to the transaction giving rise to the claim, to be that he advanced his own personal funds to pay off a mortgage on real estate belonging to the decedent's estate, that $1,300 of the amount so advanced by him had not been repaid in any manner through the estate and that it was indebted to him in that amount. Also, that although the money was advanced in May, 1930, no attempt was made to file a claim or exhibit his demand against the estate until November, 1941.

The new probate code became effective July 1, 1939. One of its sections, commonly referred to as the nonclaim statute (G. S. 1943 Supp. 59-2239) deals with the question of when demands must be exhibited against an estate if they are to be allowed and paid. A portion of the section applicable to the claim under consideration reads:

"In any estate in the process of administration at the time of the taking effect of this act in which any executor or administrator has not been discharged, all demands, including demands of the state, whether due or to become due, whether absolute or contingent, including any demands arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor or indemnitor, and including the individual demands of executors and administrators not exhibited as required by this act within nine months after the taking effect of this act shall be forever barred from payment by any such executor or administrator unless a provision of a will requires payment of any such demand exhibited later."

Our reëxamination of the record impels the conclusion that the executor, without any order or authority from the probate court, had voluntarily loaned personal money to the estate which had not been repaid to him. No other construction can be given his testimony or the allegations to be found in the claim made by him in the portion of the petition for final settlement to which we have referred. So regarded, any claim which he had against the estate on the date of the enactment of the probate code was an "individual demand" within the meaning of that term as used in the portion of the section of the code just quoted. Since the estate was then in process of administration compliance with its provisions required that he exhibit his demand within nine months from July 1, 1939, if it was to be collected from that source. He failed to take that action within the time allowed by the new enactment for the exhibition of all de-

mands against estates then in process of administration. We are therefore forced to conclude the demand became barred by the non-claim statute and could not be allowed as a valid claim against the estate.

The conclusion just announced makes it unnecessary to consider the question of whether the demand was barred by the statute of limitations.

Except as herein modified, our former opinion is adhered to.